Kelvin SPANN, Plaintiff,

v.

Robert GARCIA et al., Defendants.

No. CV–N–92–646–DWH (RLH).

United States District Court,
D. Nevada.

March 26, 1996.

Donald York Evans, Reno, NV, for Plaintiff.

Frankie Sue Del Papa, Attorney General, State of Nevada, Anne B. Cathcart, Senior Deputy Attorney General, State of Nevada, Carson City, NV, for Defendants.

## MEMORANDUM DECISION AND ORDER

HAGEN, District Judge.

Before the court is defendants' renewed motion for summary judgment (# 76). For the reasons stated below, defendants' motion is denied.

*Background*

In March 24, 1995, order (# 72), the court granted defendants' motion for summary judgment on Counts II and III of the amended complaint. Summary judgment on Count I was denied without prejudice to the filing of a renewed motion. Defendants' renewed motion for summary judgment (# 76) is now before the court.

Plaintiff alleges he was denied access to the courts in violation of his Fourteenth Amendment rights to due process and equal protection by defendants' failure to provide him with physical access to a law library or the assistance of persons trained in the law while plaintiff was confined in administrative and disciplinary segregation at Ely State Prison.

The court's previous order identified several defects in defendant's original motion for summary judgment. Specifically, the court found defendants' evidence did not establish that the law clerks were "persons trained in the law" willing and able to assist plaintiff in the preparation of meaningful pleadings at the time of his segregated confinement such that their availability was a constitutionally adequate substitute for plaintiff's physical ac-

cess to the law library. Defendants had not presented evidence on the qualifications of the prison law clerks or on their willingness to assist plaintiff. In the face of plaintiff's evidence that the inmate law clerks were not required, at all times relevant to this litigation, to provide such assistance, and that in fact they were unable and unwilling to do so, the court found summary judgment inappropriate.

*Defendants' Renewed Motion for Summary Judgment*

In their renewed motion, defendants first argue that Ninth Circuit caselaw subsequent to the court's March 24, 1995, order renders the factual dispute regarding the adequacy of the inmate law clerk assistance to segregated inmates immaterial. Specifically, defendants contend *Cornett v. Donovan,* 51 F.3d 894 (9th Cir.1995), limits the right of court access to the filing of habeas or civil rights complaints. Because plaintiff has not alleged that he was unable to file an initial habeas or civil rights complaint during his segregated confinement, defendants claim his right of access was not implicated. The court does not agree.

The court previously found the *Vandelft v. Moses,* 31 F.3d 794 (9th Cir.1994) actual injury requirement inapplicable to the facts of this case because of the duration of the alleged violation. (# 72, ¶ 9) *Vandelft* held that where a prisoner does not contest a violation of one of the two core access requirements set forth in *Bounds v. Smith,* 430 U.S. 817, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), but merely contends that his access to a constitutionally adequate library was unreasonably restricted for a limited period of time, the prisoner must allege actual injury in order to state a claim. *Id.* The *Vandelft* court reasoned, "if access to an adequate library is unreasonably restricted only during a defined time period, then that can perhaps be cured by letting the prisoner have adequate access later." *Id.,* at 797. In such circumstances, the subsequent availability of library access renders the restriction, however un-

reasonable, less than a constitutional violation; the actual injury requirement then functions as a safety net, ensuring a remedy where access to the courts was actually impeded.

▪ Unlike the plaintiff in *Vandelft,* who was segregated for fifty-seven days, Mr. Spann was in segregated confinement for more than six months. This court previously found the duration of the alleged *Bounds* deprivation in this case gives rise to a presumption of injury, taking it out of the *Vandelft* framework [1].

*Cornett* is factually distinguishable from the case at bar, and does not change the court's conclusion on the *Vandelft* issue. In *Cornett,* the issue was whether the extent of the assistance provided by the county public defender in civil rights and habeas actions satisfied the *Bounds* requirements. The court did not limit the right to assistance to the filing of a complaint. The court specifically held that although plaintiffs were entitled to assistance through the pleading stage only, this requirement may encompass assistance with not only the complaint, but a reply to an answer pursuant to F.R.C.P. 7, a reply to a counterclaim, and an answer to a cross-claim. *Id.,* 51 F.3d at 899. Clearly, plaintiff's filing of habeas and civil rights complaints [2] in the first instance does not preclude liability under *Bounds;* therefore, *Cornett* does not compel summary judgment in this case.

On a motion for summary judgment, the burden is on the moving party to show there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. F.R.C.P. § 6(c), *Celotex Corp. v,. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). The burden may be met by showing that there is an absence of evidence to support the nonmoving party's case. *Id.,* at 325, 106 S.Ct. at 2553–54. If the movant has met this burden, the nonmoving party may not rest upon the

---

1. The court further notes that *Vandelft* is inapplicable for another reason: in this case, the dispute is over the adequacy of the legal assistance provided by the inmate law clerks, a core *Bounds* alternative.

2. Plaintiff claims that the only assistance he actually received was clandestine assistance from Mr. Witherow, a general population inmate who had been forbidden to correspond with segregated inmates about their legal problems.

mere allegations or denials of his pleadings, but must set forth specific facts showing a genuine issue of material fact. F.R.C.P. 56(e). A material fact is one that, under the governing law, is critical to the outcome of the litigation. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

■ In their renewed motion, defendants claim that no evidence exists as to whether plaintiff was deprived of access to the courts at the pleading stage of any habeas or civil rights actions. The court disagrees, and points defendants to Mr. Spann's declaration in opposition to defendant's motion for summary judgment, to Mr. Witherow's declaration, and to copies of plaintiff's inmate grievances on the issue of legal assistance. (# 66, Exhs.A, C, H). Mr. Spann declares, in part, that he was denied adequate assistance in preparing meaningful legal pleadings; that the law clerks assigned to him, including Larry Pendelton, Bobby Hutchins, and Valintino Franco, refused to assist him in pursuing certain matters because they lacked the skill necessary in the preparation of meaningful pleadings. Mr. Witherow declares, in part, that law clerks in administrative or disciplinary segregation have de facto discretion as to assisting other inmates, that their training is inadequate in general[3], and that Larry Pendleton, Bobby Hutchins, Valintino Franco, and Abe Curzado[4] in particular did not have the necessary skills to assist in the preparation of meaningful pleadings at the time Spann was confined in segregation. The grievance forms show plaintiff raised his unmet need for legal assistance while in segregated custody in the inmate grievance process. The official responses to plaintiff's grievance forms tend to show that defendants viewed the law clerks duties only in terms of transmittal of library materials;

they do not respond to the claimed inadequacy of the law clerks' legal assistance.

In their renewed motion, defendants submit documents referencing Greg Hogan's completion of a paralegal course, Nolan Klein's completion of a paralegal course and work in the law library, and Larry Pendleton's work in a law library. In addition, they submit counsel's affidavit stating that in interviews with Greg Hogan, Larry Pendleton and Abe Curzado, these former inmate law clerks denied refusing to assist any inmate.

Plaintiff objects to the court's consideration of these materials on several evidentiary grounds. The court declines to rule on these evidentiary objections because the court finds defendants' evidence insufficient to eliminate the genuine issues of material fact previously identified. Defendants' materials do little to refute plaintiff's evidence on the inadequacy of the law clerks' legal training and the clerks' actual willingness and ability to help him. Plaintiff points to evidence submitted in support of defendants' reply (# 70, William Donat affidavit and attached records[5]) indicating that Curzado and Pendleton were the regularly scheduled inmate law clerks, and that Klein and Hogan only serviced the unit five and two times, respectively. Therefore, any evidence regarding Nolan Klein and Greg Hogan's legal training is of limited relevance. Larry Pendleton's work in the law library does not establish whether he had sufficient legal training to help another inmate research and draft meaningful papers. His own declaration states that he is not qualified to do so. Curzado's statement that he doesn't recall refusing to help any inmate does not address his qualifications. The second Witherow declaration (# 79, Exh. N) casts doubt on Curzado's skills at the time plaintiff was in administrative segregation.

---

3. Witherow declares that the paralegal or legal research classes previously taught at ESP provide no training in writing skills, that the students were able to complete the course without learning legal research skills, and that he believes that many students are motivated more by receiving the certificate of graduation than be learning legal research skills, and that he believes most of the inmate law clerks lack the necessary skills to prepare meaningful legal pleadings.

4. Witherow's statement regarding Curzado is found in the second Witherow declaration (# 79, Exh. N).

5. The court also notes that on most dates reflected in this document occasions, the inmate law clerks were only signed in to the segregated housing unit for approximately one hour.

The court's task in cases alleging violation of the right to court access is not an easy one. On the one hand, "[t]he importance of the right cannot be overstated. It is the right upon which all other rights depend." *Casey v. Lewis*, 43 F.3d 1261, 1266 (9th Cir.1994), *cert. granted*, 514 U.S. 1126, 115 S.Ct. 1997, 131 L.Ed.2d 999 (1995). Access to the courts must be "adequate, effective, and meaningful." *Bounds v. Smith*, 430 U.S. 817, 822, 97 S.Ct. 1491, 1495, 52 L.Ed.2d 72 (1977). On the other hand, the right of access under *Bounds* is clearly not equivalent to the Sixth Amendment right to counsel. *Cornett v. Donovan*, 51 F.3d 894 (1995). The requirement is adequate assistance in the preparation and filing of meaningful papers from "persons trained in the law." *Bounds*, 430 U.S. at 828, 97 S.Ct. at 1498. The court is unaware of any case clearly delineating the quantum of training or assistance necessary. In *Bounds*, the Supreme Court, emphasizing that "meaningful access to the courts is the touchstone", directed district courts to evaluate court access programs "as a whole". 430 U.S. at 832, 97 S.Ct. at 1500. It is far from clear to this court that the meaningful access standard was met here.

The court has previously noted that a paging system whereby a plaintiff may request specific law books but is not given physical access[6] to a law library or to a person trained in the law does not meet the constitutional requirement of meaningful access to the courts. (# 40, p. 6). *Toussaint v. McCarthy*, 801 F.2d 1080, 1109–1110, *cert. den.* 481 U.S. 1069, 107 S.Ct. 2462, 95 L.Ed.2d 871 (1987); *Casey v. Lewis*, 43 F.3d 1261 (1994). Plaintiff's evidence raises several genuine issues of fact material to the question whether he received any legal assistance whatsoever from inmate law clerks, and if so, whether it was minimally adequate under *Bounds*. Therefore, defendants' renewed motion for summary judgment is hereby denied.

**6.** In their original motion for summary judgment, defendants established, via affidavit of Jack Bennett, a correctional officer, that "[e]ffective June 24, 1994, [Ely State Prison] began providing physical access to the law library for protective custody inmates, on Monday evenings." Of

**IT IS ORDERED** that defendant's renewed motion for summary judgment is *DENIED*.

course, this does not moot plaintiff's claims for the period he was in protective custody. The court expresses no opinion as to whether this change in policy makes ESP's court access program adequate "as a whole".