Matthew TUCKER, Appellant

v.

Collins I'JAMA, Clerk of Court, Superior Court of New Jersey; Danielle Barnave; Beverly Bailey, John and Jane Doe, Employees of the Mail Room, Greystone Park Psychiatric Hospital, State of New Jersey.

No. 09–2788.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Dec. 24, 2009.

Filed: Jan. 20, 2010.

Matthew Tucker, Greystone Hospital, Greystone Park, NJ, for Appellant.

Joseph I. Picillo, Esq., Office of Attorney General of New Jersey, Matthew S. Sapienza, Esq., Kimberly A. Sked, Esq., Brian G. Flanagan, Esq., Office of Attorney General of New Jersey Department of Law and Public Safety Richard J. Hughes Complex, Trenton, NJ, for Appellee.

Before: RENDELL, HARDIMAN and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Matthew Tucker, who is involuntarily committed to Greystone Psychiatric Hospital, appeals pro se from the District Court's order granting defendants' motions for summary judgment. For the reasons that follow, we will affirm.

In January 2004, Tucker filed a complaint under 42 U.S.C. § 1983 alleging that his right to access the courts was violated. Tucker alleged that "Collins I'Jama, Clerk

of the Superior Court of N. Jersey, Newark, N. NJ", had not filed or processed three complaints that Tucker allegedly submitted "over a year and a half and counting." Tucker claimed that this amounted to a deprivation of due process and equal protection. The District Court permitted Tucker to amend his complaint in July 2007, and Tucker added as defendants Greystone employees Beverly Bailey and Danielle Barnave. Tucker alleged that Bailey and Barnave also deprived him of his constitutional right to access the courts by negligently mishandling his complaints and failing to mail them to the Superior Court.

All defendants moved for summary judgment, which the District Court granted. The court noted that the parties did not dispute that the defendants performed any deliberate acts to violate Tucker's rights. Even if Tucker could show that defendants intentionally interfered with the mailing or filing of his complaints, he failed to show that he sustained any actual injury. Specifically, the court noted that Tucker chose not to re-file his complaints after discovering that the original filings had not been received, which foreclosed any claim that he was injured by defendants' acts. The court also cited defendants' unrebutted evidence that Tucker had filed similar complaints in federal court, which disposed of his claims. Because Tucker failed to carry his evidentiary burden on his § 1983 claims, defendants were entitled to summary judgment and Tucker was denied relief.

Tucker timely appealed. We have appellate jurisdiction to review the judgment and our review is plenary. *See* 28 U.S.C. § 1291; *Atkinson v. LaFayette Coll.,* 460 F.3d 447, 452 (3d Cir.2006). Summary judgment will be affirmed if the record demonstrates that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law.

Fed.R.Civ.P. 56(c). To survive a motion for summary judgment, the non-moving party must present "more than a scintilla of evidence showing that there is a genuine issue for trial." *Woloszyn v. County of Lawrence,* 396 F.3d 314, 319 (3d Cir.2005).

Like prisoners, individuals who are involuntarily committed to a mental institution have the right to access the courts. *See Bounds v. Smith,* 430 U.S. 817, 821, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *Gibson v. Superintendent of N.J. Dep't Law & Pub. Safety–Div.,* 411 F.3d 427, 441–42 (3d Cir.2005) *Cornett v. Donovan,* 51 F.3d 894, 897–98 (9th Cir.1995). However, due process does not protect prisoners from negligent governmental acts, nor is it designed to supplant traditional tort law. *Daniels v. Williams,* 474 U.S. 327, 328, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). Section 1983 claims also cannot be initiated based on negligent denials of access. *Id.*; *see also Jordan v. Fox, Rothschild, O'Brien & Frankel,* 20 F.3d 1250, 1277 (3d Cir.1994). In addition, this Court has extended *Daniels* to hold that an official may be liable only if she acts "wrongfully and intentionally." *Gibson,* 411 F.3d at 445. Other courts agree. *See Pink v. Lester,* 52 F.3d 73, 76 (4th Cir.1995) (relying on *McDonald v. Smith,* 472 U.S. 479, 482–83, 105 S.Ct. 2787, 86 L.Ed.2d 384 (1985), to find that negligent acts do not permit recovery under the First Amendment); *Snyder v. Nolen,* 380 F.3d 279, 291 n. 11 (7th Cir.2004).

The record reflects that Tucker did not provide evidence to show that I'Jama intentionally or deliberately refused to process or file his complaints, or that Bailey and Barnave intentionally or deliberately prevented his complaints from being delivered to the Superior Court. Tucker also admitted at his deposition that he did not have any personal knowledge or evidence to support these allegations. As appellees argue, at best, their conduct was

negligent, which is an insufficient basis for liability on a denial of access claim under 42 U.S.C. § 1983. Tucker's speculative beliefs that the defendants are either collectively or individually liable does not establish that any of these defendants intentionally denied him access to the court.[1]

■ Even if Tucker had provided evidence of an intentional act, he fails to show that he sustained any actual injury. *See Lewis v. Casey*, 518 U.S. 343, 349, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (requiring a claimant to show actual injury by the alleged denial of access). Defendants show, and Tucker does not refute, that he pursued identical claims in several federal litigations pending during the same time period. Even more striking, Tucker admitted at deposition that he could have simply re-sent the complaints to the Superior Court after he realized that the original mailings had not been received. Instead, he filed the current lawsuit, in addition to other similar lawsuits.[2] Thus, he fails to show that he had no other opportunity to seek relief for these claims. *See Christopher v. Harbury*, 536 U.S. 403, 415, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002) (relief should be provided when a plaintiff loses the opportunity to sue or opportunity to seek some particular order of relief); *Oliver v. Fauver*, 118 F.3d 175, 177 (3d Cir.1997) (defendants' actions resulted in the "loss or rejection of a legal claim.").

■ Finally, because Tucker failed to prove any evidence of conspiracy, let alone any evidence that defendants acted with a discriminatory animus, he fails to sustain a claim of conspiracy under 42 U.S.C. § 1985 against defendants Barnave and Bailey.[3]

Accordingly, based on the record and Tucker's lack of any evidence to overcome summary judgment, we will affirm the District Court's order.

---

1. Tucker argued to the District Court and in his briefs to this Court that officials representing the State of New Jersey allegedly made false representations during a hearing in 2001 regarding Tucker's involuntarily commitment to a mental institution. Based on the alleged misrepresentations by the state and the court during the hearing, Tucker argues that appellees lack credibility in the current lawsuit. Tucker provides a copy of the State's brief arguing to uphold his commitment as well as a transcript from the hearing to support his claims. This evidence neither establishes that Tucker's constitutional rights were violated in the current lawsuit nor provides a sufficient basis to overcome summary judgment. While his claims that he is illegally confined may be concerning, they are irrelevant to the instant matter.

2. *See Matthew Tucker v. Michael Arnold, et al*, No. 03-5704-, 2009 WL 1617951 (D.N.J. June 9, 2009) (nearly identical action against the Deputy Clerk of the Morris Vicinage of the Superior Court of New Jersey, as well as defendants Bailey and Barnave, for negligently mishandling his mail).

3. We decline to address any of Tucker's remaining claims because he does not provide evidence to support these allegations. We also do not need to address appellees' remaining arguments because the record demonstrates that Tucker failed to provide any evidence to overcome the District Court's grant of summary judgment.