Matthew TUCKER, Appellant

v.

Michael ARNOLD, Superior Court of Morristown, NJ; Beverly Bailey; Danielle Barnave, John Doe; Jane Doe, Clerk of Court, Superior Court of New Jersey, Morristown.

No. 09–2857.

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Third Circuit LAR 34.1(a) Dec. 24, 2009.

Filed: Jan. 20, 2010.

Matthew Tucker, Greystone Park, NJ, pro se.

Matthew S. Sapienza, Esq., Kimberly A. Sked, Esq., Brian G. Flanagan, Esq., Karen L. Jordan, Esq., Joseph I. Picillo, Esq., Office of Attorney General of New Jersey, Department of Law and Public Safety Richard J. Hughes Complex, Trenton, NJ, for Michael Arnold, Superior Court of Morristown, NJ; Beverly Bailey; Danielle Barnave, John Doe; Jane Doe, Clerk of Court, Superior Court of New Jersey, Morristown.

Before: RENDELL, HARDIMAN and ALDISERT, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Matthew Tucker, who is involuntarily committed to Greystone Psychiatric Hospital, appeals pro se from the District Court's order granting defendants' motions for summary judgment. For the reasons that follow, we will affirm.

In November 2003, Tucker filed a complaint under 42 U.S.C. § 1983 alleging that his right of access to court was violated. Tucker's complaint named the "Clerk of the Superior Court of N. Jersey, Morristown, NJ" as a defendant, who was later identified as defendant Michael Arnold, Deputy Clerk of the Superior Court of New Jersey, Morris Vicinage. He argues that Arnold refused to process five civil complaints that Tucker claimed were sent to the Superior Court of New Jersey from September to November 2003. After amending his complaint, Tucker added as defendants Greystone employees Beverly Bailey, Danielle Barnave, and unknown in-

dividuals in the Greystone mail room. Tucker alleged that these defendants deliberately mishandled the mailing of his five complaints and thus denied him access to the courts in violation of his constitutional rights under § 1983, 42 U.S.C. § 1985, and state tort law.

All defendants moved for summary judgment, which the District Court granted. The court noted that Tucker has "not presented a scintilla of evidence" in support of his claims. The court also noted that Tucker's allegations were insufficient to create an inference of negligence, let alone an intentional wrong, and that he failed to show that he sustained any actual injury. In fact, the court determined that two of the five complaints were received, filed, and adjudicated by the Superior Court. The court also determined that Tucker failed to show that he had no opportunity to litigate a meritorious claim, especially relying on the fact that Tucker could have re-submitted his complaints to correct the error, if any, that had occurred. The court also noted that defendants presented unrebutted evidence showing that Tucker had filed similar complaints in federal court, which disposed of his claims. The court denied Tucker all relief.

Tucker timely appealed. We have appellate jurisdiction to review the judgment and our review is plenary. *See* 28 U.S.C. § 1291; *Atkinson v. LaFayette Coll.,* 460 F.3d 447, 452 (3d Cir.2006). Summary judgment will be affirmed if the record demonstrates that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). To survive a motion for summary judgment, the non-moving party must present "more than a scintilla of evidence showing that there is a genuine issue for trial." *Woloszyn v. County of Lawrence,* 396 F.3d 314, 319 (3d Cir.2005).

Like prisoners, individuals who are involuntarily committed to a mental institution have the right to access the courts. *See Bounds v. Smith,* 430 U.S. 817, 821, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977); *Cornett v. Donovan,* 51 F.3d 894, 898 (9th Cir. 1995); *Gibson v. Superintendent of N.J. Dep't Law & Pub. Safety–Div.,* 411 F.3d 427, 441–42 (3d Cir.2005). However, due process does not protect prisoners from negligent governmental acts, nor is it designed to supplant traditional tort law. *Daniels v. Williams,* 474 U.S. 327, 328, 106 S.Ct. 677, 88 L.Ed.2d 662 (1986). Section 1983 claims also cannot be initiated based on negligent denials of access. *Id.; see also Jordan v. Fox, Rothschild, O'Brien & Frankel,* 20 F.3d 1250, 1277 (3d Cir.1994). In addition, this Court has extended *Daniels* to hold that an official may be liable only if she acts "wrongfully and intentionally." *Gibson,* 411 F.3d at 445. Other courts agree. *See Pink v. Lester,* 52 F.3d 73, 76 (4th Cir.1995) (relying on *McDonald v. Smith,* 472 U.S. 479, 482–83, 105 S.Ct. 2787, 86 L.Ed.2d 384 (1985), to find that negligent acts do not permit recovery under the First Amendment); *Snyder v. Nolen,* 380 F.3d 279, 291 n. 11 (7th Cir.2004).

The record reflects that Tucker provided no evidence to show that defendants Bailey and Barnave intentionally or deliberately prevented his complaints from being delivered to the Superior Court, or that defendant Arnold intentionally or deliberately refused to process or file his complaints. Tucker also admitted at his deposition that he did not have any personal knowledge or evidence to support these allegations. As appellees argue, at best, their conduct was negligent, which is insufficient to sustain a basis for liability on a denial of access claim under 42 U.S.C. § 1983. Tucker's speculative beliefs that the defendants are either collectively or individually liable does not establish that

any of these defendants intentionally denied him access to the court.

Even if Tucker had provided evidence of an intentional act, he fails to show that he sustained any actual injury. *See Lewis v. Casey,* 518 U.S. 343, 349, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (requiring a claimant to show actual injury by the alleged denial of access). In fact, two of the five complaints were disposed of by the Superior Courts. Additionally, defendants show, and Tucker does not refute, that he pursued identical claims in several federal litigations pending during the same time period. Even more striking, Tucker admitted at deposition that he could have simply resent the complaints to the Superior Court. Instead, he filed the current lawsuit, in addition to other similar lawsuits.[1] Thus, he fails to show that he had no other opportunity to seek relief for these claims. *See Christopher v. Harbury,* 536 U.S. 403, 415, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002) (relief should be provided when a plaintiff loses the opportunity to sue or opportunity to seek some particular order of relief); *Oliver v. Fauver,* 118 F.3d 175, 177 (3d Cir.1997) (defendants' actions resulted in the "loss or rejection of a legal claim.").

Finally, because Tucker failed to prove any evidence of conspiracy, let alone any evidence that defendants acted with a discriminatory animus, he fails to sustain a claim of conspiracy under 42 U.S.C. § 1985 against defendants Barnave and Bailey.[2]

Accordingly, based on the record and Tucker's lack of any evidence to overcome summary judgment, we will affirm the District Court's order.

---

1. *See Matthew Tucker v. Collins I'Jama, et al.,* No. 04–277, 2009 WL 1617947 (D.N.J. June 9, 2009) (nearly identical action against the Deputy Clerk of the Essex Vicinage of the Superior Court of New Jersey, as well as defendants Bailey and Barnave, for negligently mishandling his mail).

2. We decline to address any of Tucker's remaining claims because he does not provide evidence to support these allegations. We also do not need to address appellees' remaining arguments because the record demonstrates that Tucker failed to provide any evidence to overcome the District Court's grant of summary judgment.