ALD-270                                            NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2759
_____

JOSEPH ARUANNO,
                                            Appellant

v.

WILLIAM T. WALSH
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 11-cv-2505)
District Judge:  Honorable William J. Martini
_____

Submitted for Possible Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
August 18, 2011

Before:  SCIRICA, HARDIMAN and VANASKIE, Circuit Judges

(Opinion filed : August 29, 2011)
_____

OPINION
_____

PER CURIAM

        Joseph Aruanno appeals an order of the United States District Court for the

District of New Jersey dismissing his complaint under 28 U.S.C. § 1915(e)(2)(B).  We

will affirm the District Court's judgment.

I.

Aruanno, who is civilly confined at the Special Treatment Unit ("STU") in Kearney, New Jersey pursuant to the New Jersey Sexually Violent Predators Act (SVPA), filed a pro se complaint against William T. Walsh, Clerk of the United States District Court for the District of New Jersey.[1] He also filed a motion for leave to proceed in forma pauperis ("IFP").

In his complaint, Aruanno alleged that the Mr. Walsh refused to file two complaints which Aruanno claimed that he mailed to the Office of the Clerk for filing. The first complaint named the Honorable Dennis Cavanaugh of the United States District Court for the District Court of New Jersey as defendant. The second complaint named Paul Fishman, United States Attorney for the District of New Jersey, as defendant. The District Court construed Aruanno's complaint as attempting to assert a denial of access to courts claim against Mr. Walsh for his alleged failure to file those two complaints.

By order entered June 8, 2011, the District Court granted the IFP motion but dismissed the complaint under § 1915(e)(2)(B), concluding that it failed to state a claim upon which relief may be granted. This appeal followed.

---

[1] Although the District Court characterized Aruanno's complaint as a 42 U.S.C. § 1983 action, it technically should have been brought as a <u>Bivens</u> action since the Defendant is a federal employee. <u>See</u> <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388, 389 (1971).

II.

We have jurisdiction under 28 U.S.C. § 1291. Our review of a District Court's sua sponte dismissal of a complaint for failure to state a claim is plenary, requiring us to draw all reasonable inferences therefrom in the plaintiff's favor. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). On review, we will summarily affirm the District Court's judgment because no substantial issue is presented on appeal. See L.A.R. 27.4; I.O.P. 10.6; see also Erie Telecomms. v. Erie, 853 F.2d 1084, 1089, n.10 (3d Cir. 1988) (holding that we may affirm on an alternative basis supported by the record).

Like prisoners, individuals who are involuntarily committed to mental institutions have the right to access the courts. See Cornett v. Donovan, 51 F.3d 894, 897-98 (9th Cir. 1995). An inmate raising an access to courts claim must show that the denial of access caused him to suffer an actual injury. See Lewis v. Casey, 518 U.S. 343, 351 (1996). An actual injury occurs when the prisoner is prevented from or has lost the opportunity to pursue a "nonfrivolous" and "arguable" claim. See Christopher v. Harbury, 536 U.S. 403, 415 (2002).

The District Court properly dismissed Aruanno's complaint. Although Aruanno asserts that he was denied an opportunity to file a civil complaint against Mr. Fishman, as the District Court noted, the record reflects that Aruanno's complaint against Mr. Fishman was docketed on August 6, 2010.[2] Indeed, the complaint was recently dismissed

---

[2] Aruanno stated in his complaint that he mailed a copy of the complaint to the

3

by the District Court.  <u>See</u> <u>Aruanno v. Fishman</u>, No. 10-4085, 2011 WL 2293397 (D.N.J. June 8, 2011).  Accordingly, it is clear that Aruanno was not prevented from filing that complaint.

Although Aruanno's complaint against Judge Cavanaugh does not appear to have been docketed, Aruanno cannot establish that the alleged failure to docket that complaint prevented him from pursuing a non-frivolous legal claim because the complaint would have been subject to dismissal on the ground of absolute judicial immunity.  <u>See</u> <u>Azubuko v. Royal</u>, 443 F.3d 302, 303 (3d Cir. 2006) ("A judicial officer in the performance of his duty has absolute immunity from suit and will not be liable for his judicial acts." ).  Aruanno stated in his complaint that his dissatisfaction with Judge Cavanaugh stems from Judge Cavanaugh's judicial rulings in other cases that Aruanno has filed in the District Court.  Accordingly, the allegations in Aruanno's complaint are insufficient to state a claim for relief.

Because any amendment of Aruanno's complaint would have been futile, the District Court's dismissal without leave to amend was appropriate.  <u>See</u> <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962).

As this appeal does not raise a substantial question, we will affirm the judgment of the District Court.  <u>See</u> Third Cir. LAR 27.4; I.O.P. 10.6.

---

Clerk's Office for filing in August 2010.