FILED

OCT 13 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MALIK ALI MUHAMMAD,

Plaintiff - Appellant,

v.

J. RUBIA, Captain; et al.,

Defendants - Appellees.

No. 10-16140

D.C. No. 3:08-cv-03209-JSW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
Jeffrey S. White, District Judge, Presiding

Submitted September 27, 2011[**]

Before:    SILVERMAN, W. FLETCHER, and MURGUIA, Circuit Judges.

California state prisoner Malik Ali Muhammad appeals pro se from the

district court's judgment dismissing his 42 U.S.C. § 1983 action alleging various

federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We

review de novo a dismissal for failure to state a claim under 28 U.S.C. § 1915A,

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000), and may affirm on any ground supported by the record, *Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008). We affirm.

The district court properly dismissed Muhammad's due process claim because he received all of the process that he was due related to an allegedly false rules violation report, including written notice of the charges and a disciplinary hearing at which he was found not guilty of the violation. *See Wolff v. McDonnell*, 418 U.S. 539, 563-64 (1974) (procedural due process claim requires showing a denial or a lack of advance written notice and an opportunity to be heard).

Dismissal of Muhammad's access-to-courts claim was proper because prisoners are not entitled to access the courts to file civil lawsuits against private parties. *See Cornett v. Donovan*, 51 F.3d 894, 898 (9th Cir. 1995) (prisoner's right of access to courts is limited to filing a habeas petition or a civil rights complaint).

Dismissal of Muhammad's equal protection claim was proper because he failed to allege that issuance of the rules violation report constituted intentional discrimination against him due to his membership in a suspect class, violated a fundamental right, or was otherwise irrational. *See Rodriguez v. Cook*, 169 F.3d 1176, 1179-81 (9th Cir. 1999) (for equal protection claim, challenged conduct or

legislation must discriminate against a suspect class, infringe upon a fundamental right, or fail to satisfy a rational basis test).

Dismissal of Muhammad's federal claims without leave to amend was proper because the defects in each are incurable. *See Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984).

The district court properly dismissed Muhammad's state law claims without prejudice after declining to exercise supplemental jurisdiction over them. *See* 28 U.S.C. § 1367(c)(3).

Muhammad's remaining contentions are unpersuasive.

**AFFIRMED.**