NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3382
_____

JOSEPH ARUANNO,
                              Appellant

v.

MERRILL MAIN, Director of Psychology;
MS. CYNTHIA SWEENY, Administrator;
MS. GRACE ROGERS, Administrator;
MR. BERNARD GOODWIN, Administrator;
MS. CATHY BERGEN, Social Worker (DHS);
MS. LILLY CHIAPPETTA, Social Worker (DHS);
MS. TESS KEARNEY, Social Worker (DHS);
MR. GEORGE HAYMAN, Commissioner (DOC);
MR. KEVIN RYAN, Commissioner (DHS);
MR. PAUL LAGANA, Assistant Commissioner;
JOHN/JANE DOES #1-10
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 07-cv-03867)
District Judge:  Honorable Dickinson R. Debevoise
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 17, 2012

Before:  SCIRICA, GREENAWAY, JR. and VAN ANTWERPEN, Circuit Judges

(Filed February 23, 2012)
_____

OPINION OF THE COURT
_____

Joseph Aruanno, proceeding pro se, appeals from the United States District Court for the District of New Jersey's dismissal of his civil rights action. For the reasons that follow, we will affirm the District Court's judgment.

I.

Aruanno is civilly confined at the Special Treatment Unit ("STU") in New Jersey pursuant to the New Jersey Sexually Violent Predators Act (SVPA). In 2009, with the assistance of pro bono counsel, Aruanno filed a second amended civil rights complaint against ten named defendants from different state agencies, including five defendants from the New Jersey Department of Human Services (the "DHS defendants"), and five defendants from the New Jersey Department of Corrections (the "NJDOC defendants"). Aruanno claimed that the defendants violated his rights under the First, Sixth, and Fourteenth Amendments and Article I of the New Jersey State Constitution, by depriving him of meaningful access to his lawyers and to the courts. He alleged that the NJDOC defendants did so in part because they wanted to retaliate against him for having filed lawsuits challenging the constitutionality and conditions of his confinement. Aruanno sought damages and injunctive relief.

In May 2009, the DHS defendants filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In a January 2010 decision, the District Court granted the motion and dismissed the second amended complaint with prejudice as to those defendants. The NJDOC defendants subsequently moved to dismiss the second amended complaint. In a July 2010 decision, the District Court granted the motion, but

2

gave Aruanno leave to amend his complaint in order to cure the deficiencies that the Court identified in its decision.

Aruanno then filed a "letter brief" in the District Court in lieu of a third amended complaint. In April 2011, the District Court issued an order formally dismissing that filing because it "did not properly set forth the allegations constituting the substance of an amended complaint." (See Dist. Ct. Dkt. #92.) Aruanno seeks review of the orders dismissing his second amended complaint, as well as the order dismissing his purported third amended complaint. (See Petitioner's Opening Brief at 1.)

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's dismissal of the case. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 230 (3d Cir. 2008). We accept as true all of the allegations contained in the second amended complaint and draw reasonable inferences in favor of the plaintiff. Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam). To survive dismissal, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U. S. 662, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). We may affirm the District Court on any basis supported by the record. Fairview Twp. v. EPA, 773 F. 2d 517, 525 n.15 (3d Cir. 1985).

First, the District Court properly dismissed Aruanno's access to courts claim against the DHS and NJDOC defendants. In the second amended complaint, Aruanno claimed that the defendants "deprived him of meaningful access to communication with

3

his attorneys and with the courts." (See Second Amended Complaint at ¶ 69.) As a result, his "ability to effectively petition the courts concerning his civil commitment and the constitutionality of the terms and conditions of his confinement has and continues to be impaired." (Id. at 70.)

Like prisoners, individuals who are involuntarily committed to mental institutions have the right to access the courts. See Cornett v. Donovan, 51 F.3d 894, 897-98 (9th Cir. 1995). An inmate raising an access to courts claim must show that the denial of access caused him to suffer an actual injury. See Lewis v. Casey, 518 U.S. 343, 351 (1996). An actual injury occurs when the prisoner is prevented from or has lost the opportunity to pursue a "nonfrivolous" and "arguable" claim. See Christopher v. Harbury, 536 U.S. 403, 415 (2002).

After reviewing the second amended complaint, we agree with the District Court that Aruanno failed to sufficiently allege an access to courts claim. Specifically, he failed to identify an "actual injury" that he has suffered as a result of his alleged inability to adequately communicate with his attorneys.

Aruanno claimed that the defendants interfered with his ability to litigate five separate civil matters. Although Aruanno generally described his problems communicating effectively with his attorneys regarding those matters, he did not identify any cognizable harm that he suffered in any specific lawsuit as a result.

As the District Court stated in its March 2009 decision dismissing Aruanno's first amended complaint, "mere allegations that [Aruanno] could not make private telephone calls or that an attorney visit was ended prematurely is not enough to overcome a motion

4

to dismiss under Fed. R. Civ. P. 12(b)(6)." (See Dist. Ct. Dkt. #42, p. 24.) Although the District Court granted Aruanno leave amend that complaint in order to "detail litigation about which he had to speak to his counsel at the time his right to use the telephone was interfered with or at the time his visit with an attorney was curtailed," (id.), he did not do so in his second amended complaint. Accordingly, we conclude that dismissal of the claim was appropriate.

The District Court also properly dismissed Aruanno's retaliation claim against the NJDOC defendants. Aruanno alleged that "DOC personnel" monitored his calls and visits with his attorneys and, because they were displeased with the nature of the lawsuits that he was pursuing, they retaliated against him by restricting his access to counsel. To prevail on a section 1983 retaliation claim, a prisoner must prove: (1) that the conduct leading to the alleged retaliation was constitutionally protected; (2) that he suffered an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (3) that his protected conduct was a substantial or motivating factor in the decision to discipline him. See Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). 523, 530 (3d Cir. 2003).

Before addressing whether Aruanno stated a claim under Rauser, the District Court correctly observed that Aruanno did not specify who he believes monitored his communications with counsel and subsequently retaliated against him for pursuing claims against the NJDOC. See Phillips, 515 F.3d at 233 (under Fed. R. Civ. P. 8(a), plaintiff must plead enough facts to provide the defendant with "fair notice" of the claim and the "grounds" on which the claim rests) (citation omitted)).

5

As mentioned, Aruanno referred only to "DOC personnel" in the second amended complaint. It is therefore unclear whether Aruanno believes that any of the named defendants (all of whom are NJDOC administrators) were personally involved in monitoring or restricting his communications with counsel, or whether he is attempting to hold them liable for the actions of subordinate employees. To the extent the latter is the case, the claim fails as a matter of law because Aruanno has not alleged that they were personally involved in any wrongdoing. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) ("[A] defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior.").

Although the District Court granted Aruanno leave to amend his second amended complaint to allege personal involvement on the part of the named NJDOC defendants, he did not do so. Instead, Aruanno submitted a "letter brief," the contents of which did not cure the deficiencies outlined by the District Court.[1] In light of Aruanno's failure to further amend his complaint to state a claim for relief, we must affirm the dismissal of Aruanno's retaliation claim against the NJDOC defendants on the basis that he has not alleged that they were personally involved in any wrongdoing.

Having dismissed all of Aruanno's claims over which it had original jurisdiction, the District Court acted within its discretion in declining to exercise supplemental

---

[1] Indeed, the District Court granted Aruanno leave to amend all of his claims with respect to the NJDOC defendants. Even construing the allegations set forth in Aruanno's letter brief liberally, see Haines v. Kerner, 404 U.S. 519, 520 (1972), we agree that he failed to cure the deficiencies outlined in the District Court's July 7, 2010 decision.

6

jurisdiction over Aruanno's state law claims.  See Elkadrawy v. Vanguard Grp., Inc., 584 F.3d 169, 174 (3d Cir. 2009).  Finally, to the extent that Aruanno also appeals the District Court's denial of his motion to disqualify Judge Debevoise, and his motions to appoint counsel, those motions were properly denied for the reasons stated by the District Court.

Accordingly, we will affirm the judgment of the District Court.  Aruanno's motion for appointment of counsel on appeal is denied.  See Tabron v. Grace, 6 F.3d 147, 155-57 (3d Cir. 1993).