**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 20 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DONALD GLASS,

Plaintiff - Appellant,

v.

A. K. SCRIBNER; et al.,

Defendants - Appellees.

No. 11-15109

D.C. No. 1:04-cv-05953-LJO-DLB

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted July 17, 2012[**]

Before:    SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

California state prisoner Donald Glass appeals pro se from the district

court's partial summary judgment, and the jury's verdict, in his 42 U.S.C. § 1983

action alleging First and Eighth Amendment violations. We have jurisdiction

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291. We review de novo summary judgment, *Rene v. MGM Grand Hotel, Inc.*, 305 F.3d 1061, 1064 (9th Cir. 2002) (en banc), and for an abuse of discretion the district court's evidentiary rulings, *Harper v. City of Los Angeles*, 533 F.3d 1010, 1030 (9th Cir. 2008). We affirm.

The district court properly granted summary judgment on Glass's access-to-courts claim because Glass failed to raise a genuine dispute of material fact as to whether defendants caused him actual or cognizable harm in pursuing an unrelated appeal. *See Lewis v. Casey*, 518 U.S. 343, 349-52 (1996) (for denial of access, inmate must show actual injury to valid claim); *Cornett v. Donovan*, 51 F.3d 894, 989 (9th Cir. 1995) (right of access does not extend to beyond the pleading stage).

The district court did not abuse its discretion in partially granting Glass's motion to modify the pretrial order, which rendered moot his request for a later trial date, or in denying his request to investigate defense counsel's alleged but unsubstantiated misconduct. *See Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 719 (9th Cir. 2004) (affirming denial of motion to amend pretrial order and noting district court's broad discretion in supervising pre-trial phase of litigation).

The district court did not abuse its discretion in failing to rule on Glass's untimely motions in limine—received after the verdict—or in granting his request to exclude his criminal history other than for impeachment purposes because Glass

did not show that the evidence he sought to exclude was introduced at trial or tainted the verdict. *See* Fed. R. Evid. 609 (allowing impeachment based on witness's prior felony conviction); *Harper*, 533 F.3d at 1030 (to be reversible, evidentiary ruling must be both an abuse of discretion and prejudicial).

Glass waived any issues concerning the district court's denial of his request for a teleprompter, and alleged misconduct by prison guards (who are not parties to this suit) in serving Glass's motion to subpoena incarcerated witnesses, because he did not raise the first issue before the district court and does not explain how he was prejudiced with respect to either. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999) (no new issues on appeal); *Am. Int'l Enters., Inc. v. FDIC*, 3 F.3d 1263, 1266 n.5 (9th Cir. 1993) (issues unsupported by argument are waived).

Glass waived his challenge to the verdict based on alleged juror misconduct because he conceded that there did not appear to be any misconduct when the district court raised the issue with the parties. *See Reynoso v. Giurbino*, 462 F.3d 1099, 1110 (9th Cir. 2006) (party is bound by its concession to the district court).

Issues not expressly raised—including regarding dismissal of, or summary judgment on, Glass's retaliation, excessive force, and failure to protect claims—are deemed waived. *See Cook v. Schriro*, 538 F.3d 1000, 1014 n.5 (9th Cir. 2008).

**AFFIRMED.**