PS5-133                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-2484
_____

JOSEPH ARUANNO,
                                          Appellant

v.

Officer ANDREW BOOKER; D.O.C. Administrator PAUL LAGANA;
GEORGE HAYMAN; SID Investigator CAPRICE CHAVERS;
DHS Director MERRILL MAIN; DHS Commissioner, KEVIN RYAN

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil No. 08-cv-00305)
District Judge:  Honorable Jose Linares

_____

Submitted Pursuant to Third Circuit LAR 34.1
June 2, 2010

Before:  SMITH, FISHER and GARTH, <u>Circuit</u> <u>Judges</u>.

(Filed:June 10, 2010 )
_____

OPINION
_____

PER CURIAM

Joseph Aruanno, proceeding pro se, appeals an order of the United States District Court for the District of New Jersey granting motions to dismiss his civil rights action. We will affirm the District Court's order.

Aruanno, who was civilly committed to the Special Treatment Unit in Kearny, New Jersey pursuant to the New Jersey Sexually Violent Predator Act, N.J. Stat. Ann. § 30:4-27.24 et seq., filed a complaint in District Court against various employees of the New Jersey Department of Human Services ("DHS") and the New Jersey Department of Corrections ("DOC"). Aruanno alleged that he had met with DOC Administrator Paul Lagana in November 2006 regarding some stolen property. He stated that he and Lagana also discussed a criminal complaint Aruanno had submitted against Corrections Officer Booker.

Aruanno further alleged that the next day Officer Booker sexually assaulted him in his room and threatened to kill him if he told what had happened. Aruanno averred that he reported the assault, that he was placed in lock-up for three months, and that he was harmed on a daily basis. Aruanno stated that he spoke with Investigator Chavers of the DOC's Special Investigation Division but Chavers told him she would not pursue his complaint because he did not have any witnesses. Aruanno averred that he had witnesses but he wanted Chavers to assure their safety before he revealed their names. Aruanno further alleged that the Special Investigation Division's refusal to act encouraged Officer

2

Booker and others to continue to harm him until December 2007, when Officer Booker was fired for sexually harassing the staff.

Aruanno claimed Lagana failed to properly supervise and instruct the staff, DOC Commissioner George Hayman failed to properly train and supervise the other defendants, and DHS Commissioner Kevin Ryan and DHS Director Merrill Main allowed the DOC to commit these "atrocities." Aruanno sought damages, declaratory relief, and an order of protection from further retaliation.

The District Court granted motions to dismiss the complaint for failure to state a claim upon which relief could be granted, which were filed by the DHS and DOC defendants, with the exception of Officer Booker. The District Court afforded Aruanno the opportunity to file an amended complaint. Aruanno filed a document titled "Amended Complaint" in which he attempted to address the deficiencies in the original complaint that the District Court had noted in its decision. Concluding Aruanno had not cured those deficiencies, the District Court granted motions to dismiss the amended complaint filed by the DHS and DOC defendants, again with the exception of Officer Booker. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291.[1]  Our review of a grant of a motion to dismiss for failure to state a claim upon which relief may be granted is plenary. Monroe v. Beard, 536 F.3d 198, 205 (3d Cir. 2008).

We find no error in the District Court's decision.  As explained by the District Court, Aruanno did not state a claim for relief against DOC defendants Lagana and Hayman because they were not personally involved in the harm he allegedly suffered. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (holding liability under § 1983 may not be based on a theory of respondeat superior).  Aruanno also did not state a claim for relief based on an alleged failure to train and supervise because he did not aver facts supporting the conclusion that either Lagana or Hayman was deliberately indifferent to a risk of harm.  See Gilles v. Davis, 427 F.3d 197, 207 n.7 (3d Cir. 2005) (noting deliberate indifference requirement for failure-to-train claim).  For the same reason, Aruanno did not state a failure-to-protect claim against DHS defendants Main and Ryan.  See Hamilton v. Leavy, 117 F.3d 742, 746 (3dCir. 1997) (setting forth elements of Eighth Amendment failure-to-protect claim).[2]  As noted by the District Court, Aruanno's

_____

[1]At least with respect to his damages claim, Aruanno's appeal was prematurely filed because the District Court had yet to adjudicate Aruanno's claims against Officer Booker.  Saber v. FinanceAmerica Credit Corp., 843 F.2d 697, 701-02 (3d Cir. 1988). The District Court has since adjudicated those claims and a final order has been entered. As such, we have jurisdiction to entertain the present appeal.  Cape May Greene, Inc. v. Warren, 698 F.2d 179, 184-85 (3d Cir. 1983).

[2]To the extent Aruanno's claim is grounded in the Fourteenth Amendment, see Youngberg v. Romeo, 457 U.S. 307, 315-16 (1982), Aruanno has not alleged facts supporting the conclusion that the conduct of Main and Ryan "shocked the conscience."

4

complaint and amended complaint against the DOC and DHS defendants contain conclusory allegations without supporting facts. The District Court also properly dismissed Aruanno's claim of a conspiracy by Chavers, which was also unsupported by any factual allegations.

Aruanno also appeals the District Court's denial of his motion to disqualify the Attorney General from representing Officer Booker, motion for appointment of counsel, and request for injunctive relief. For the reasons stated by the District Court, these motions were properly denied.

Accordingly, we will affirm the District Court's order.

---

See Nicini v. Morra, 212 F.3d 798, 810 (3d Cir. 2000).