**ALD-302**                                                      **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 10-2387

———————

JOSEPH ARUANNO,
                                              Appellant

v.

ANDREW BOOKER, Officer; MR. PAUL LAGANA, DOC Administrator; MR.
GEORGE HAYMAN, DOC Commissioner; MR. CHAVERS, SID Investigator; MR.
MERRILL MAIN, DHS Director; MR. KEVIN RYAN, DHS Commissioner

———————

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil No. 2-08-cv-00305)
District Judge:  Honorable Jose Linares

———————

Submitted for Possible Summary Action Pursuant
to Third Circuit LAR 27.4 and I.O.P. 10.6
September 30, 2010

Before: SLOVITER, AMBRO and SMITH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: October 14, 2010)

———————

OPINION

———————

PER CURIAM

    Joseph Aruanno, proceeding <u>pro</u> <u>se</u>, appeals an order of the United States District

1

Court for the District of New Jersey granting a motion to dismiss his civil rights action. We will affirm the judgment of the District Court.

Aruanno, who was civilly committed to the Special Treatment Unit in Kearny, New Jersey pursuant to the New Jersey Sexually Violent Predator Act, N.J. Stat. Ann. §§ 30:4-27.24 et seq., filed a complaint in District Court against various employees of the New Jersey Department of Human Services ("DHS") and the New Jersey Department of Corrections ("DOC") claiming violations of his constitutional rights. Aruanno sought damages, declaratory relief, and an order of protection.

The District Court granted motions to dismiss the complaint for failure to state a claim upon which relief could be granted, which were filed by the DHS and DOC defendants, with the exception of Officer Booker, who Aruanno claimed had assaulted him. The District Court gave Aruanno an opportunity to file an amended complaint. Aruanno filed a document titled "Amended Complaint" in which he attempted to address the deficiencies in his original complaint. Concluding Aruanno had not cured those deficiencies, the District Court granted motions to dismiss the amended complaint filed by the DHS and DOC defendants, again with the exception of Officer Booker. We affirmed the District Court's order. See C.A. No. 09-2484.

During the pendency of Aruanno's appeal, Officer Booker moved to dismiss the complaint due to Aruanno's refusal to cooperate with discovery and failure to comply with an order requiring him to respond to all outstanding discovery demands. Booker asserted that he had served Aruanno with discovery requests in December 2009 and that Aruanno had

replied that he would not respond to the requests until the District Court granted him injunctive relief. After the prescribed time to respond to the discovery requests expired, Booker sought leave to file a motion to dismiss Aruanno's complaint. On February 11, 2010, a Magistrate Judge ordered Aruanno to respond to all outstanding discovery demands by February 26, 2010. Aruanno, however, did not do so and Booker then filed a motion to dismiss the complaint supported by a declaration of counsel and related exhibits.

The District Court applied the factors set forth in our decision in Poulis v. State Farm Fire and Casualty Co., 747 F.2d 863 (3d Cir. 1984), to determine whether dismissal of the complaint was warranted.[1] The District Court explained that Aruanno, who was proceeding pro se, had sole responsibility for compliance with discovery rules and the District Court's orders. The District Court stated that Booker was denied the opportunity to develop a defense as a result of Aruanno's refusal to participate in discovery. The District Court also noted that Aruanno had shown a willfulness to violate the rules of discovery and the Court's orders as evidenced by his letter stating that he refused to respond to the discovery requests and his failure to comply with the Court's February 11, 2010, order. Noting that Aruanno had been given ample opportunity to comply with the rules and the Court's orders, the District Court concluded that dismissal of the complaint was warranted and granted Booker's

---

[1]These factors are: (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal; and (6) the meritoriousness of the claim or defense. Id. at 868.

3

motion. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's order for abuse of discretion. See Poulis, 747 F.2d at 868.

We conclude that the District Court did not abuse its discretion in dismissing Aruanno's complaint. The District Court properly considered the Poulis factors in determining whether dismissal was warranted based on Aruanno's failure to respond to Booker's discovery requests and comply with the Court's order. The record supports the District Court's finding that Aruanno's failure to cooperate with discovery was willful. Although the District Court did not address whether alternative sanctions were available, we note that a monetary sanction does not appear feasible given that Aruanno is civilly committed and proceeding in forma pauperis.

Because this appeal does not raise a substantial question, we will affirm the judgment of the District Court. See 3rd Cir. LAR 27.4 and I.O.P. 10.6.[2]

---

[2]Aruanno's motion for appointment of counsel is denied. Tabron v. Grace, 6 F.3d 147, 155 (3d Cir. 1993).

4