**ALD-250**                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2803
_____

JOSEPH ARUANNO,

                                                    Appellant

v.

STEVEN JOHNSON;
MERRILL MAIN;
JOHN/JANE DOES 1-25
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 11-cv-01842)
District Judge:  Honorable Jose L. Linares
_____

Submitted for Possible Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
July 28, 2011
Before:  SCIRICA, HARDIMAN and VANASKIE, <u>Circuit</u> <u>Judges</u>

(Opinion filed August 18, 2011)
_____

OPINION
_____

PER CURIAM

Joseph Aruanno appeals an order of the United States District Court for the District of New Jersey dismissing his complaint under 28 U.S.C. § 1915(e)(2)(B). We will affirm.

Aruanno, who is civilly confined at the Special Treatment Unit ("STU") in Kearney, New Jersey pursuant to the New Jersey Sexually Violent Predators Act (SVPA), filed a pro se lawsuit under 42 U.S.C. § 1983 against Steven Johnson, Assistant Superintendant of the STU, Director Merrill Main, and 25 John and Jane Doe Defendants. He also filed a motion for leave to proceed in forma pauperis ("IFP"). In his complaint, Aruanno alleged that the Defendants violated his First Amendment right of access to the courts.

By order entered June 23, 2011, the District Court granted the IFP motion but dismissed the complaint under § 1915(e)(2)(B), concluding that it failed to state a claim upon which relief may be granted. This appeal followed.

II.

We have jurisdiction under 22 U.S.C. § 1291. Our review of a District Court's sua sponte dismissal for failure to state a claim is plenary, requiring us to draw all reasonable inferences therefrom in the plaintiff's favor. Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000).

Like prisoners, individuals who are involuntarily committed to mental institutions have the right to access the courts. See Cornett v. Donovan, 51 F.3d 894, 898 (9th Cir.

2

1995).  An inmate claiming denial of access to the courts must show actual injury, <u>Lewis v. Casey</u>, 518 U.S. 343, 349 (1996), which generally arises only if a non-frivolous claim failed due to a defendant's actions.  <u>Christopher v. Harbury</u>, 536 U.S. 403, 415 (2002).

In his complaint, Aruanno claimed that Defendants caused the dismissal of <u>Aruanno v. Booker</u>, 2010 WL 1655540 (D.N.J. April 23, 2010), <u>aff'd</u>, 397 Fed. App'x 756 (3d Cir. 2010) (per curiam).  However, the District Court dismissed Aruanno's excessive force claim against Defendant Booker as a result of Aruanno's willful failure to comply with discovery.  On appeal, we concluded that the record supported the District Court's finding that Aruanno's failure to cooperate with discovery was willful.  <u>Aruanno</u>, 397 Fed. App'x at 758.  Accordingly, we agree with the District Court that Aruanno cannot show that Defendants' actions caused him to suffer any injury with respect to that case.

Ordinarily, a District Court should not sua sponte dismiss a complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim without providing the plaintiff an opportunity to amend his complaint.  As it appears that amendment would be futile, we conclude that the District Court did not err in declining to afford Aruanno leave to amend. <u>See</u> <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 114 (3d Cir. 2002).

Because this appeal does not raise a substantial question, we will affirm the judgment of the District Court.  <u>See</u> Third Cir. LAR 27.4; I.O.P. 10.6.